# Staunton

## Larnell Davis v. Jacquelyne Miles Davis.

September 10, 1965.

Record No. 5987.

Present, All the Justices.

*Herman A. Sacks (Sacks, Sacks & Kendall,* on brief), for the appellant.

*William Davis Butts,* for the appellee.

CARRICO, J., delivered the opinion of the court.

On July 30, 1963, Larnell Davis, the complainant, a resident of the state of New York, filed a bill of complaint against Jacquelyne Miles Davis, the defendant, a resident of the city of Hampton in this Commonwealth. The bill alleged that the parties were married in New York city on October 8, 1948, but had lived separate and apart, without any cohabitation and without interruption, for more than three years. The bill prayed for an absolute divorce based upon the three-year separation of the parties. Code, § 20-91 (9).[1]

The bill also alleged that one child, La Nita Davis, who was six years of age at the time the bill was filed, was born of the marriage. It was prayed that the complainant "be given the right to visit their said child at reasonable times."

A subpoena in chancery was served on the defendant. She, through her attorney, had the city sergeant serve a notice on complainant's counsel that she would move the court to require the complainant to pay her temporary alimony, support money for the child born of the marriage, counsel fees and suit money.

On October 31, 1963, the date fixed in the notice, the chancellor, in the absence of the complainant and his counsel, heard the motion of the defendant and entered an interlocutory decree ordering the complainant to pay to the defendant the sum of $25.00 weekly for the support of the child, $100.00 counsel fees and $25.00 suit money.

On February 19, 1964, the complainant, pursuant to notice served upon the defendant by the city sergeant, proceeded to take the depositions of himself and a witness, Mattye Jones, in Brooklyn, New York.

The cause was set for hearing on March 6, 1964, at which time the depositions were submitted to the court. In addition, the attorney for the complainant called the defendant as an adverse witness. She

[1] A 1964 amendment to Code, § 20-91 (9), reduced the required period of separation to two years. Acts of Assembly, 1964, Chapter 363.

testified, among other things, that the defendant had not properly supported their daughter, having sent her only $55.00 for the child in 1963 and nothing in 1964.

The chancellor ruled that the complainant was not entitled to a divorce because he had not complied with the interlocutory decree of October 31, 1963, providing for the support of the child and the payment of counsel fees, and because the evidence was insufficient to sustain the allegations of the bill of complaint. A final decree was entered dismissing the bill and this appeal followed.

■ The complainant first contends that he fully proved the allegations of the bill and that the chancellor erred in ruling that the evidence was insufficient for that purpose.

With this contention we agree. There was ample evidence presented to satisfy the jurisdictional and venue requirements of Code, §§ 20-97 and 20-98 and the trial court, therefore, was established as the proper forum for the complainant's divorce suit.

Code, § 20-91 (9), as it read at the time the complainant's bill was filed, provided that "[a] divorce from the bond of matrimony may be decreed ... [o]n the application of either party if and when the husband and wife have lived separate and apart without any cohabitation and without interruption for three years. . . ."

The complainant testified, in his deposition, that he and his wife separated in New York city on January 6, 1959; that she then moved to Virginia, and that they had lived separate and apart, without any cohabitation and without interruption, since the date of separation, a period of more than three years.

The complainant's testimony was sufficient, therefore, to prove the grounds of divorce provided by Code, § 20-91 (9), if it was properly corroborated as is required by Code, § 20-99. The latter section provides that a bill for divorce "shall not be taken for confessed, nor shall a divorce be granted on the uncorroborated testimony of the parties or either of them."

The complainant offered the deposition of Mattye Jones, in corroboration of his testimony. This witness testified that she was personally acquainted with the parties to the divorce cause and that, of her own personal knowledge, they had lived separate and apart, without any cohabitation and without interruption, for at least three years.

Furthermore, the defendant, when she was called as an adverse witness at the hearing on March 6, 1964, testified that she and the

complainant had lived apart continuously since 1959, a period of approximately five years.

The testimony of Mattye Jones was competent not only to corroborate the testimony of the complainant, but as well to corroborate that of the defendant. Thus corroborated, the testimony of both the parties to the suit was entitled to be given practical effect, especially since there is not the slightest suggestion of collusion in the record. *Martin* v. *Martin*, 202 Va. 769, 774, 120 S.E. 2d 471; *Graves* v. *Graves*, 193 Va. 659, 661-662, 70 S.E. 2d 339.

We hold, therefore, that the evidence was sufficient to sustain the allegations of the bill of complaint and to establish grounds for divorce under Code, § 20-91 (9).

The complainant next contends that, having proved the allegations of his bill, he was entitled to a divorce and that the chancellor erred in dismissing his bill because he had not complied with the interlocutory decree for child support and counsel fees.

The complainant argues that he was not required to comply with the interlocutory decree because it was void for two reasons.

First, he says, the question of support of the child and counsel fees was not an issue because the defendant had not filed a cross-bill praying for the award of such sums.

It will be recalled that the defendant's request for such sums was made in the form of a written notice, served on the complainant's counsel by the city sergeant, that the motion would be made to the court, on the date specified, for the temporary allowance of these items.

The court awarded the temporary sums and entered the interlocutory decree pursuant to the authority of Code, § 20-103. That Code section provides for no specific form in which a request for temporary child support and counsel fees shall be made. We take notice that it is of almost universal practice for such a request to be made in the form of a notice and motion similar to that used in this cause, and that the request is often made before, or even in the absence of, the filing of a cross-bill by the wife, where she is named defendant.

The complainant's bill prayed that he be given rights of visitation of the child. The child was personally within the jurisdiction of the trial court. The defendant, pursuant to the subpoena in chancery and her appearance in the cause, in person and by counsel, was before the court. Her notice and motion put in issue the question of support and counsel fees. The chancellor had the authority, therefore, to make

temporary provision for the support of the child and for the payment of counsel fees for the wife.

But, the complainant next says, although the court may have had the authority to act upon the motion for support and counsel fees, it was without jurisdiction to enter the interlocutory decree because the notice with respect to the motion was not properly served on his counsel.

The fatal defect in the service, the complainant argues, arose because the defendant did not comply with Code, § 8-69. That Code section provides that in any case in which the original process, notice, application or petition has been duly executed and an attorney duly authorized to practice law in this state has entered a general appearance for any party, either plaintiff or defendant, notice of further proceedings may be served upon such attorney, provided the court, after five days written notice, enters an order so directing the service of such notice. The defendant failed, the complainant contends, to give the required notice and to secure the entry of the order required by Code, § 8-69.

This contention of the complainant, however, completely overlooks the provisions of other sections of the Code which specifically provide for the service of notice in divorce suits.[2]

Code, § 8-54 provides that, in divorce suits, the "subpoena in chancery ... and notices for the taking of depositions, *or for any other purpose*, shall be served only by the sheriff of the county, or the sheriff or sergeant of the city, or the deputies of either, in which the service is sought to be had. ...." [Emphasis added.]

Code, § 8-76[3] provides that, in divorce suits, *any such notice as is mentioned in Code, § 8-54 to a person not residing in Virginia* may be served by publication, or if such person has an attorney of record, by service on such attorney for such absent party as provided by Code, § 8-311.

Code, § 8-311 provides that service of notice to take a deposition upon a party who is a non-resident may be had upon the party's counsel of record, "provided the time between the service of notice

---

[2] See Rule 2:17, Rules of Court, for the present method of giving notice in chancery causes, other than divorce suits, and Rule 3:15 for the present mode in law actions.

[3] Code, § 8-76, in addition, dispenses with further notice if a person who is a party to a divorce cause later becomes a non-resident, or removes himself from the address at which he resided at the time the suit was instituted without filing a statement with the clerk showing his new address, or if proper service is had upon him at the last address shown in such a statement. In any event, if such absent party has counsel of record, service of notice shall be had upon such counsel.

and taking the deposition be sufficient for conveying by ordinary course of mail a letter from the place of service to the place of residence of the party, and a reply from that place back to the place of service, and then [for] the counsel to attend at the place of taking the deposition."

By the reference in Code, § 8-76 to Code, § 8-311, the legislature merely prescribed what would be timely service of those notices permitted by Code, § 8-76 to be served on counsel for a non-resident party in a divorce cause.

It will be noted that Code, §§ 8-54, 8-76 and 8-311 contain no requirement that an order of court first be secured before service of notice may be had upon counsel of record for a party in a divorce suit and these sections make no reference to Code, § 8-69. Nor is there any reference in Code, § 8-69 to divorce suits or any cross-reference to those Code sections concerning notice in such suits. If the legislature had intended that counsel for a party in a divorce suit could be served with notice only after the court gave permission therefor, it surely would have said so in no uncertain terms.

Code, §§ 8-54 and 8-76 are the results of acts of the legislature which relate, in concise terms, specifically to divorce suits. On the other hand, Code, § 8-69 deals, in broad language, with cases generally. Where the procedures in the two instances differ, the general must give way to the specific. 17 Mich. Jur., Statutes, § 101, p. 363.

We hold, therefore, that in divorce suits, notice of the various steps to be taken may be served, without the prior approval of the court, upon counsel of record, provided such notice is served by the sheriff or the city sergeant, as the case may be, under Code, § 8-54, with the further condition that such notice be timely under Code, § 8-311, if the service is upon counsel for a non-resident party as set forth in Code, § 8-76.

The notice of the motion for temporary allowances, in dispute here, met the requirements just outlined. It was served on counsel of record for the complainant by the city sergeant six days before the hearing on October 31, 1963. The chancellor, therefore, had the jurisdiction to enter the interlocutory decree.

The complainant conceded that he had not complied with the provisions of the interlocutory decree when the cause was submitted to the chancellor for decision. But was it proper to inflict upon him, as a penalty for his non-compliance, the dismissal of the bill of complaint?

We are of opinion that the dismissal of the bill for the reason

assigned was not the correct procedure for the chancellor to follow in this instance. Upon the reinstatement of the bill of complaint and the remand of the cause to the trial court, it would be proper for the court to refuse to proceed further upon the complainant's prayer for a divorce until he has satisfactorily complied with the interlocutory decree, or with such further decree with regard to child support and counsel fees as the chancellor may see fit to enter. *Gloth* v. *Gloth*, 154 Va. 511, 554-555, 153 S.E. 879.

In this connection, attention is called to Code, § 20-114, which provides that the court may, in its discretion, require the giving of a recognizance, with or without surety, to insure compliance with the decrees of the court with respect to the support of the infant child of the parties.

The decree appealed from will be reversed, the bill of complaint reinstated and the cause remanded for further proceedings not inconsistent with the views expressed in this opinion. In response to the defendant's prayer, set forth in her brief, a fee of $200.00 is allowed to her counsel for his services in this court.

*Reversed and remanded.*