## CIRCUIT COURT OF THE CITY OF RICHMOND

Emma Kate Cooper

v.

William Cooper

April 18, 1995

Case No. HC-822-4

BY JUDGE RANDALL G. JOHNSON

This divorce action is before the Court on the issues of equitable distribution and spousal support. A hearing was held on April 3, 1995, at which both parties testified and presented other evidence. Because the Court is of the opinion that neither party's testimony is worthy of any credence at all, the Court will essentially leave them where they are.

This Court has often heard domestic relations cases in which the Court believed that one or both of the parties exaggerated the facts, or put his or her own slant on the facts, or even stretched the truth considerably. This is the first time, however, that the Court has been absolutely convinced that both parties blatantly lied. And because the parties' lies are so blatant and so central to the issues presented, the Court is unwilling to accept any of their testimony at all. Two examples of the parties' lies follow.

The husband claimed that the wife has been running up substantial bills on his charge account at Abraham & Straus, a retail department store in New York. Such charges, according to the husband, occurred after the parties' separation and without the husband's consent. In fact, he presented copies of charge tickets and statements totaling $3,202.39. One purchase, on August 24, 1993, less than two years ago, was for "diamonds" costing $2,330.58. It was the husband's position that such purchases should be taken into account in considering the wife's request for spousal support and attorney's fees, as well as the parties' contributions to the marriage.

When presented with the bills, the wife claimed utter ignorance. When asked whether the signatures on the charges were her signatures, she said,

"I don't know." When asked if she made the purchases, she said, "I don't know." When asked if she went to New York (she lives in Richmond) and bought over $2,000 worth of diamonds or diamond jewelry in 1993, she said, "I don't know." The Court dismisses her testimony as false.

It is inconceivable to this Court that a person of at least average intelligence, which the Court finds that the wife, a former school teacher, is, cannot remember whether she travelled from Richmond to New York less than two years ago and bought over $2,000 worth of diamonds, or jewelry, or anything else. Indeed, if the wife's financial condition and material possessions are such that she *can* make such purchases at the "drop of a hat" and not remember that she made them, she certainly does not need the $250 monthly pittance in spousal support previously ordered by the Court.

The husband's credibility fares no better. A former postal worker, he testified that by working double shifts he made over $80,000 per year every year for the last five or so years of his employment. This, according to the husband, proved that it was he, not his wife, who paid the great majority of the couple's bills and expenses during the marriage, including acquisition of the marital home. He was then confronted, however, with the fact that his tax returns never reflected such a high salary. His explanation: "I never tell I.R.S. everything I make."

On the issue of his ability to pay spousal support, however, the husband was asked to explain why, in light of a "Personal Statement of Benefits" prepared for him in 1991 which shows projected retirement pay equalling 45% of his average "high-3" years of salary, he claimed he was now receiving only $9,584.16 in annual retirement pay, such figure being 45% of $21,298, far less than the $80,000 salary claimed earlier, and far less even than the $54,000 shown on the benefits statement as his then-present salary. Absolutely no explanation was given for these discrepancies.

As was the case with the wife, the Court rejects the husband's testimony. Having concealed — indeed, practically bragged — that he consistently lies to the Internal Revenue Service on his taxes, the husband cannot realistically expect this Court to believe that he would not also lie to it. Moreover, the documentary evidence clearly shows that his income before his retirement was considerably lower than he claims and that his present retirement income is considerably higher than he claims. He simply adjusts the figures to his perceived advantage as he sees fit.

One of the oldest and best know maxims in the law is that a person must come into equity with clean hands. This maxim applies in divorce cases.

*See, e.g., Brown v. Kettle*, 225 Va. 451, 303 S.E.2d 864 (1983); *Davis v. Davis*, 206 Va. 381, 143 S.E.2d 835 (1965); *Gloth v. Gloth*, 154 Va. 511, 153 S.E. 879 (1930). At the same time, however, the maxim should not be applied in such a way that would require further litigation between these parties — for example, a partition suit — since "[i]t serves no good purpose to turn litigants out of court in one proceeding if they must be immediately commenced in another." *Harrell v. Allen*, 183 Va. 722, 732, 33 S.E.2d 222 (1945). Here, the Court will apply the maxim so as to preclude either party from claiming more than a 50% share of the marital property, by disposing of the property.

Having considered the evidence presented, the Court finds that the only marital property is the house and lot located at 1313 Watson Avenue in Richmond. Although there was testimony concerning furniture and other personal property, such items were never identified with any specificity even remotely enabling the Court to make a ruling on it. The other real property involved, a home on Britannia Road in Richmond, is the wife's separate property.

The Court finds that the property on Watson Avenue has a present value of $47,500, which was the purchase price. No other evidence of value was presented. Because the wife currently lives in the house and the husband lives in New York, the wife shall have the option of purchasing the husband's share for $23,750. If she does not do so, the husband may purchase the wife's share for the same amount. If both parties fail to do so, the property is to be sold and the proceeds shared equally by them. Of course, any liens on the property are to be considered also to be the equal obligation of the parties.

No spousal support will be awarded. Any claim to such support by the wife was forfeited by her lack of honesty. Moreover, the Court finds as a fact that she did make the charges claimed by the husband. Thus, the arrears previously found to be owed by the husband are offset by those charges, and the Court finds that no arrears exist. The Court also notes that the parties were married in August, 1989, and separated exactly two years later. The wife has no overwhelming claim for support.

Finally, the Court will award attorney's fees to the wife, but only because the hearing in this matter had to be rescheduled several times at the husband's request for reasons which were sometimes questionable. For example, the husband claimed lack of notice when a letter to him and his lawyer was mailed by the wife's lawyer. In any event, the wife is awarded

$3,591.30. This award includes and takes the place of the $1,000 awarded by order entered September 21, 1994.