## CIRCUIT COURT OF FAIRFAX COUNTY

Mondana Nicksolat

v.

Mohammad Gharavi
and Rotunda Condominium
Unit Owners Association

September 16, 2013

Case No. CL-2013-1659

BY JUDGE DENNIS J. SMITH

This matter came before the Court on August 7, 2013, for a bench trial on Plaintiff Mondana Nicksolat's action for declaratory judgment, unlawful detainer, and failure to comply with condominium instruments against Defendants Mohammad Gharavi and the Rotunda Condominium Unit Owners Association. At the conclusion of the hearing, the Court took the matter under advisement and subsequently asked the parties to brief the applicability of Va. Code § 55-79.73:1.

*Background*

Defendant Rotunda Condominium Unit Owners Association ("Defendant Rotunda") is a Virginia condominium association created pursuant to the Virginia Condominium Act, Va. Code § 55-79.1, et seq., through the recordation of the 1978 Declaration of the Rotunda Condominium and its accompanying Bylaws. Article V, Section 11, of the Bylaws specifies that:

> Each of the parking spaces located in the enclosed area and garage of the building shall be subject to the designation as Limited Common Elements appurtenant to certain designated Units pursuant to the reservation set forth in Article III of the Declaration.

Article III, Section 1, of the Declaration addresses "Assignment of Limited Common Elements":

The Declarant may assign such Common Elements as Limited Common Element parking spaces pursuant to the provisions of Section 55-79.57(C) of the Condominium Act by making such an assignment in the deed to the Unit to which such Limited Common Element parking space shall be appurtenant and subsequently confirming such assignment by recording an appropriate amendment to this Declaration or to the Plats and Plans.

Subsequent to the enactment of the Declaration and Bylaws, the 1978 First Amendment to Condominium Instruments for the Rotunda Condominium Assigning Limited Common Element Parking Spaces assigned Limited Common Element Parking Space # 145 (the "Parking Space") to Unit # 1-611 (the "Unit").

In October 2003, Ali Vaezi purchased the Unit and entered into a Deed of Trust with Trustees "Peterson and Basha," which was recorded on January 14, 2005. Exhibit A to the Deed of Trust, which was incorporated therein, describes the property as including the "Limited Common Elements appurtenant thereto, including Limited Common Element Parking Space(s) # 145. . . ."

At some point after the enactment of the Deed of Trust, Mr. Vaezi and Defendant Gharavi entered into an agreement whereby Mr. Vaezi transferred the Parking Space to Defendant Gharavi for $1,000 consideration. This reassignment was finalized on August 3, 2011, when an "Amendment to Condominium Instruments for the Rotunda Condominium, Reassigning Limited Common Element Parking Space" was recorded. Pursuant to the terms of the Amendment, "Limited Common Element Parking Space No. 1-145 is hereby reassigned from Unit 1-611 to Unit 5-106 as a limited common element for the exclusive use of the unit owner of Unit 5-106."

On July 27, 2012, the Deed of Trust on the Unit was foreclosed, and Plaintiff was the successful bidder. Handwritten on the second page of the Memorandum of Sale was the statement that the sale "include[d] limited common element parking space # 145." Plaintiff and Defendants disagree as to who has an exclusive right to the Parking Space. The parties do not disagree that the Trustees on the Deed of Trust never provided their consent for the assignment of the Parking Space to Defendant Gharavi.

*Analysis*

Va. Code § 55-79.73:1 contains three subsections that address situations in which mortgagee consent is or is not required. Subsection A states:

A. In the event that any provision in the condominium instruments requires the written consent of a mortgagee in order to amend the condominium instruments, the unit owners'

association shall be deemed to have received the written consent of a mortgagee if the unit owners' association sends the text of the proposed amendment by certified mail, return receipt requested, to the mortgagee at the address supplied by such mortgagee in a written request to the unit owners' association to receive notice of proposed amendments to the condominium instruments and receives no written objection to the adoption of the amendment from the mortgagee within 60 days of the date that the notice of amendment is sent by the unit owners' association, unless the condominium instruments expressly provide otherwise. If the mortgagee has not supplied an address to the unit owners' association, the unit owners' association shall be deemed to have received the written consent of a mortgagee if the unit owners' association sends the text of the proposed amendment by certified mail, return receipt requested, to the mortgagee at the address filed in the land records or with the local tax assessor's office, and receives no written objection to the adoption of the amendment from the mortgagee within 60 days of the date that the notice of amendment is sent by the unit owners' association, unless the condominium instruments expressly provide otherwise.

Va. Code § 55-79.73:1(A). It applies to condominium instruments in which written consent of the mortgagee is required; however, the subsection provides an exception to written consent if the unit owners' association mails the text of a proposed amendment to a mortgagee and does not hear back within sixty days. This procedure is not applicable in the case at bar because the Rotunda Declaration does not require written consent from the mortgagee.

Subsection B states:

B. Subsection A shall not apply to amendments which alter the priority of the lien of the mortgagee or which materially impair or affect the unit as collateral or the right of the mortgagee to foreclose on a unit as collateral.

Va. Code § 55-79.73:1(B). This is an exception to the exception in subsection A: if the priority of the lien is altered, if the use of the unit as collateral is materially impaired or affected, or if the right to foreclose on the unit is affected, the sixty day waiver in subsection A does not apply. This creates a presumption that, when mortgagee rights are at issue, written consent is required.

Finally, subsection C states:

> C. Where the condominium instruments are silent on the need for mortgagee consent, no mortgagee consent shall be required if the amendment to the condominium instruments does not specifically affect mortgagee rights.

Va. Code § 55-79.73:1(C). This subsection uses a double negative: if written consent is not required by the instrument, consent is not needed unless the instrument affects mortgagee rights. But if mortgagee rights are "specifically affect[ed]," then written consent is required.

Here, there is no question that the mortgagee's rights were specifically affected when the Parking Space was transferred from Mr. Vaezi to Defendant Gharavi. By the terms of the transfer, Defendant Gharavi purportedly became the owner of the Parking Space, removing it from under the purview of the preexisting Deed of Trust. When the Trustees then went to foreclose on the Deed of Trust, another person, not Mr. Vaezi, but instead Defendant Gharavi, purported to have the lawful title to the Parking Space. As this litigation proves, Defendant Gharavi has interfered in the interest that Plaintiff bought in the Parking Space by maintaining that it is his parking space pursuant to the agreement with Mr. Vaezi. This uncertainty as to the proper ownership affected the mortgagee's rights.

Defendants make two arguments in opposition: first, that Va. Code § 55-79.57 provides the exclusive method through which limited common elements are assigned; and second, that the condominium instruments do require mortgagee consent in some circumstances but not others, rendering Va. Code § 55-79.73:1(C) inapplicable. These arguments are addressed in turn.

### *Exclusivity of Va. Code § 55-79.57*

Defendants argue that Va. Code § 55-79.73:1 is a generally applicable procedure that makes no reference to the reassignment of limited common elements. By contrast, Va. Code § 55-79.57 only applies to the assignment of limited common elements; because it is a more specific provision, it supplants any other, generalized rule. Reassignment of limited common elements is a relatively minor transaction, so the legislature intended to streamline the process. For example, Va. Code § 55-79.71(B) generally requires two-third majority approval to amend the condominium instruments. Section 55-79.57(B), by contrast, allows assignment of limited common elements merely if all adversely affected unit owners so request. Furthermore, § 55-79.57(B) requires that the association's officer "shall" execute and record the amendment; there is no discretion to wait for mortgagee approval. As a result, Defendants believe § 55-79.73:1 is inapplicable to the reassignment of limited common elements.

However, Defendants take an overly narrow view of the procedures applicable to assigning a limited common element under § 55-79.57. The explicit language of that Code section requires that "[n]o limited common element shall be assigned or reassigned except in accordance with the provisions of this chapter." Va. Code § 55-79.57(A). The text does not say section; instead, it says chapter. Section 55-79.73:1 is a provision within the same chapter, and it is precisely because it is a generally applicable section that it must be read in concert with § 55-79.57.

The example provided by Defendants' contrasting § 55-79.57 with § 55-79.71(B) highlights how the General Assembly can distinguish between generally applicable and specific procedures.

While § 55-79.71(B) ordinarily requires approval of two-thirds of unit owners to amend a declaration, § 55-79.57(A) only requires "consent of all unit owners adversely affected." In drafting § 55-79.57(A), the General Assembly made it textually clear that a different standard must apply. Thus, where "the procedures in the two instances differ, the general must give way to the specific." *Davis v. Davis*, 206 Va. 381, 143 S.E.2d 835, 839 (1965). With respect to mortgagee rights, there is no specific explanation in § 55-79.57 of whether consent is needed. Instead, there is only the general requirement under § 55-79.73:1(C) that consent is needed when an amendment "specifically affects mortgagee rights." Without a specific rule supplanting the general, § 55-79.73:1(C) controls.

Finally, Defendant's argument that the officers lack discretion to wait to execute and record the amendment until after obtaining mortgagee consent is unpersuasive. When Mr. Vaezi failed to obtain the consent of the Trustees before reassigning the Parking Space, he violated § 55-79.73:1(C), which waived his right under § 55-79.57(B) to assign the Parking Space. This rendered the subsequent assignment a nullity. Nothing in § 55-79.57, which itself requires assignment to occur "in accordance with the provisions of this chapter," suggests that the strict requirements of § 55-79.73:1 can be ignored.

### Declaration Provisions Requiring Mortgagee Consent

Defendants' next argument is that, because the Declaration requires mortgagee consent in only three instances, none of which apply to reassigning a limited common element parking space, no consent could be required here. In Defendants' reading, Va. Code § 55-79.73:1(C) is explicit that it applies only "[w]here the condominium instruments are silent on the need for mortgagee consent." Here, though, the instruments are not silent. Article V of the Declaration requires, pursuant to Article VIII, Section 5, of the Bylaws, mortgagee consent for: (i) a change in the percentage interest or obligations of any unit; (ii) the subdivision, partition, or relocation of the boundaries of any unit encumbered by a mortgage or the common elements of the condominium; or (iii) the withdrawal of the submission of the

property to the Condominium Act. Thus, the instruments are not "silent" regarding consent. Defendants acknowledge that the instruments are silent as to mortgagee consent for the reassignment of a limited common element, but Defendants argue that "such a reading is far too narrow."

The Court disagrees. Under Defendants' reading of § 55-79.73:1(C), any single provision in a condominium instrument requiring mortgagee consent, regardless of how narrow the circumstances requiring consent, would by itself be sufficient to avoid requiring mortgagee consent in any other circumstance even if the mortgagee's rights are specifically affected. In so arguing, it is the Defendants who read § 55-79.73:1(C) too narrowly.

The overall purpose of § 55-79.73:1 is to ensure that a mortgagee's rights are not adversely affected by a lack of notice and written consent. Read together, the three subsections indicate that written consent is the norm, but there is an exception in subsection A under certain circumstances and in subsection C if no consent is required by the condominium instruments. However, these exceptions have clear limitations: if the mortgagee's rights are affected, then both subsection B and C require written consent. Here, the Trustees' rights were affected, and § 55-79.73:1(C) was violated by not obtaining prior consent.

## Conclusion

By failing to obtain consent from the Trustees on the Deed of Trust before requesting that the Parking Space be reassigned to Defendant Gharavi, Mr. Vaezi waived his right to have it assigned under Va. Code § 55-79.57(B) and rendered the subsequent reassignment to Defendant Gharavi a nullity. Accordingly, when Defendant Gharavi took possession of the Parking Space, he did so subject to the terms of the Deed of Trust. When the foreclosure occurred, the Parking Space was properly foreclosed upon, along with the Unit, and Plaintiff purchased title to both. As a result, Plaintiff maintains rightful ownership of the Parking Space.