**Salem**

## JOSEPH EUGENE VENABLE

v.

## DEBORAH LYNN HANKS VENABLE

No. 0299-85

Decided April 15, 1986

180

COUNSEL

W. Michael Lepchitz, for appellant.

Deborah W. Brattain (Robert J. Ingram; Gilmer, Sadler, Ingram, Sutherland & Hutton, on brief), for appellee.

OPINION

**COLEMAN, J.**—Joseph Eugene Venable appeals from a final decree awarding Deborah Lynn Venable a divorce on the ground of cruelty. The issues he raises are: (1) whether the trial court erred in modifying its *pendente lite* support order; (2) whether the trial court erred in granting Mrs. Venable a divorce; (3) whether the trial court erred in its equitable distribution of marital property; (4) whether the trial court erred in the amount awarded as child support; and (5) whether the trial court erred in granting custody of the minor children to Mrs. Venable.

### I. Modification of the Pendente Lite Support Order

On July 16, 1984, the circuit court entered a *pendente lite* decree awarding Mrs. Venable temporary custody of the minor children and $175 per week in support, two thirds of which was allocated as child support. Mrs. Venable was ordered to make the mortgage payments. On October 18, 1984, Mrs. Venable gave notice that she would seek a modification of the *pendente lite* decree based on a change in circumstances. On October 25, 1984, the day before the scheduled hearing, Mr. Venable's counsel became

ill. Mr. Venable appeared at the hearing without counsel and orally requested a continuance. The court allowed Mrs. Venable to present a written statement of her income and expenses and then continued the proceedings, expressly reserving to Mr. Venable the right to cross-examine Mrs. Venable at a later date. After two additional continuances, granted at the request of Mr. Venable's counsel, the court, on November 12, 1984, entered an order requiring Mr. Venable to make the November mortgage payment and all subsequent house payments and reduced the support payments to $160 per week, two thirds of which was allocated as child support. When the order was entered, Mr. Venable still had not cross-examined Mrs. Venable.

The decision whether to grant a continuance is a matter within the sound discretion of the trial court. Abuse of discretion and prejudice to the complaining party are essential to reversal. *Autry v. Bryan,* 224 Va. 451, 454, 297 S.E.2d 690, 692 (1982). In considering a request for a continuance, the court is to consider all the circumstances of the case. *Id.*

The court weighed the fact of Mr. Venable's counsel's illness against the cost and inconvenience for Mrs. Venable to travel from Nashville for the hearing. In an effort to accommodate both parties, the court allowed Mrs. Venable to present her statement of income and expenses, and the hearing was continued to afford Mr. Venable the opportunity to cross-examine Mrs. Venable and to present his evidence with the assistance of his counsel. Under these circumstances, we hold that the court did not abuse its discretion when it received Mrs. Venable's evidence and continued the case to permit Mr. Venable to cross-examine Mrs. Venable at a later date.

Mr. Venable further contends that his due process rights were violated because he was not given an opportunity to cross-examine Mrs. Venable concerning her alleged change in circumstances. The Virginia Constitution states that "[n]o person shall be deprived of his life, liberty, or property without due process of law." Va. Const. art. I, § 11. "A day in court, an opportunity to be heard, is an integral part of due process of law." *Moore v. Smith,* 177 Va. 621, 626, 15 S.E.2d 48, 49 (1941). When a trial court, in the exercise of its discretion, holds an *ore tenus* hearing, and one of the parties requests an opportunity to be present, to be heard, and to cross-examine adversary witnesses, due process re-

quires that the court afford the litigant that opportunity. *Burts* v. *Burts,* 227 Va. 618, 620, 316 S.E.2d 745, 746 (1984).

Although a trial court must afford a litigant an opportunity to cross-examine a witness, it is not required to exercise that opportunity for the litigant. It is not the responsibility of the court to schedule the litigant's depositions, or to subpoena the witnesses.

After the October 26, 1984, hearing, Mr. Venable did not avail himself of the opportunity to cross-examine Mrs. Venable. He did not attempt to subpoena Mrs. Venable as a witness nor did he attempt to schedule a hearing or take her deposition even though he knew that she returned to the Pulaski area several times during the period. On January 15, 1985, when Mr. Venable requested that the court vacate the November 12, 1984, order, the court reiterated that it had reserved Mr. Venable's right to cross-examine Mrs. Venable, that Mr. Venable continued to have that right, and that should the opportunity be exercised and should the evidence warrant a change in the November 12 order, then the order would be vacated.

The trial court did not deny Mr. Venable his right to cross-examine Mrs. Venable. Mr. Venable failed to avail himself of the opportunity until January 26, 1985, when the court held a full hearing on the merits of the case. At that time, he thoroughly cross-examined Mrs. Venable. Under these circumstances, there was no abridgement of Mr. Venable's due process rights.

Finally, Mr. Venable argues that the court erred in modifying the *pendente lite* order with regard to the home mortgage payment. He contends that the November 12, 1984, order that required him to make the mortgage payment due on November 1, 1984, altered a right which had already accrued to his benefit by virtue of the July 16, 1984, order. Mr. Venable argues that this order cancels a vested right which had inured to his benefit, citing *Davis* v. *Davis,* 206 Va. 381, 143 S.E.2d 835 (1965), in support of his position.

In *Davis,* the complainant in a divorce action conceded that he had not complied with the provisions of an interlocutory decree when the cause was submitted to the chancellor for decision. The court held that under such circumstances it was proper for the court to refuse to proceed further upon the complainant's prayer

for a divorce until he satisfactorily complied with the interlocutory decree. *Id.* at 387, 143 S.E.2d at 839.

This case is distinguishable from *Davis*. Mrs. Venable had fully complied with the terms of the *pendente lite* order up to the time of the hearing on October 26, 1984, when the issues were submitted to the court. The cause was still pending before the court in November because the matter had been continued to allow Mr. Venable an opportunity to cross-examine and to present his evidence. The court's action in ordering Mr. Venable to pay the November mortgage obligation did not constitute a retroactive modification of a prior decree. We find no error.

## II. The Divorce Decree

On January 26, 1985, the court heard evidence *ore tenus,* granted Mrs. Venable a divorce on the ground of cruelty, and awarded her $175 per month child support. No allowance was made for spousal support. Mr. Venable contends that there was no corroboration of Mrs. Venable's testimony; hence, he argues that the evidence was insufficient to support her charge of cruelty.

A divorce cannot be granted on the "uncorroborated testimony of the parties or either of them." Code § 20-99(1). "The general rule is that where a particular fact or circumstance is vital to complainant's case, some evidence of the same, in addition to the complainant's own testimony, is essential." *Graves* v. *Graves,* 193 Va. 659, 662, 70 S.E.2d 339, 340 (1952).

Mrs. Venable testified that throughout the twelve year marriage Mr. Venable displayed a vicious temper, an aptitude for physical violence, suggested that they engage in sadomasochistic sexual activities, and kept numerous pornographic materials in their home. Mr. Venable admitted that over the course of the marriage he repeatedly hit, punched, pushed, kicked, and bit Mrs. Venable. He also admitted to other forms of behavior which constituted mental cruelty. On January 14, 1984, after a particularly vicious physical attack, Mrs. Venable left the marital home with the intent to end the relationship. She testified that she feared not only for her own safety but also for the emotional and physical well-being of her two minor children. Mrs. Venable's testimony was corroborated by evidence of the torn pants which Mr. Venable had ripped off of her on the occasion which prompted her leaving. She also intro-

duced several of Mr. Venable's pornographic magazines. Her mother, Christine Hanks, testified that she had seen bruises on her daughter, that she had been a witness to Mr. Venable's violent temper, and that on the day Mrs. Venable left the marital home she observed bruises and bite marks on Mrs. Venable's body and face.

The evidence as a whole gives strength to and tends to produce belief and confidence in the truth of Mrs. Venable's testimony. *See Graham* v. *Graham,* 210 Va. 608, 616, 172 S.E.2d 724, 729-30 (1970). The purpose of requiring corroboration is to prevent collusion by the parties in obtaining a divorce. Where it is apparent that there is no collusion, as in this case, the corroboration needs to be only slight. *Graves,* 193 Va. at 662, 70 S.E.2d at 340. The corroborating physical evidence and the testimony from Christine Hanks were sufficient to support the finding of the trial court.

Mr. Venable contends, alternatively, that Mrs. Venable should be barred from obtaining a divorce because of her admission during the *ore tenus* hearing of an adulterous relationship with J. C. Moody. Mrs. Venable admitted during cross-examination that *subsequent* to the parties' separation on January 14, 1984, she committed adultery. The doctrine of recrimination bars granting a divorce where the complainant's own actions constitute grounds for divorce. 6A Michie's Jurisprudence *Divorce and Alimony* § 26 (Repl. vol. 1985).

Mr. Venable did not seek a divorce on the ground of adultery. His pleadings did not allege adultery nor did he invoke the doctrine of recrimination as a bar to granting Mrs. Venable a divorce. Adultery was not an issue concerning spousal support since Mrs. Venable was not awarded permanent spousal support. No evidence, independent of an admission of a party, was offered to corroborate Mrs. Venable's statement. The alleged conduct occurred after the parties separated and while they were involved in a contested divorce proceeding. Mr. Venable apparently first became aware of the conduct when his estranged spouse testified, and her conduct had had no bearing upon Mr. Venable's cruelty which caused the dissolution of the marriage.

Under these circumstances, we hold that the trial court did not err in granting Mrs. Venable a divorce on the ground of cruelty.

The court did not abuse its discretion when it refused to deny her a divorce based on the theory of recrimination. The ground relied on by Mr. Venable had not been pled, alleged nor proven with corroboration sufficient to have warranted granting him a divorce.

### III. Equitable Distribution

Mr. Venable asserts that the court erred in its distribution of marital property. We agree and reverse that portion of the court's order.

■ Code § 20-107.3(D) provides that the court may, upon decreeing a divorce, grant a monetary award to either party based upon the equities and rights and interests of each party in the marital property. Additionally, the court is authorized to partition marital property which is titled in the names of both parties. Code § 20-107.3(C).

The marital property consisted of the marital residence, a 1981 Subaru automobile, a 1979 Honda motorcycle, a 1980 Kawasaki motorcycle, a 1977 Ford truck, and various items of personal property, all of which were owned by or titled in the names of both parties. The court ordered Mr. Venable to "*convey* all of his rights, title and interest in and to" the marital home and the automobile to Mrs. Venable, and ordered Mrs. Venable to similarly convey to Mr. Venable her title and interest in the two motorcycles and the truck.

■ The court's order to transfer title in the jointly owned properties is not authorized by Code § 20-107.3. Under the statute's mandate the court must first identify the marital property and determine its value. Upon consideration of the factors enumerated in Code § 20-107.3(E), the court may grant a monetary award to one party. Jointly owned marital property may be partitioned. Code § 20-107.3(C). Once a monetary award has been made, the party against whom it was made may satisfy the award by *conveyance* of property with the court's approval. Code § 20-107.3(D).

We reverse the court's order of distribution of the marital property, and remand the case so that the court may consider whether to grant a monetary award to one of the parties or make such additional awards in the equitable distribution of the properties as

would be appropriate in accordance with Code § 20-107.3.

### IV. Child Support

■ In view of the remand for reconsideration of the equitable distribution award, the trial court must also redetermine its award of child support. Code § 20-107.3(F) provides that "*after or at the time of*" (emphasis added) the determination of a monetary award, the court shall consider "whether an order for support and maintenance of a spouse or children shall be entered or, if previously entered, whether such order shall be modified or vacated." The grant or denial of an award under Code § 20-107.3 is one of the factors which the court must consider in determining issues of spousal and child support. Code §§ 20-107.1(8) and 20-107.2(2)(g).

### V. Child Custody

Mr. Venable contends that evidence of Mrs. Venable's illicit relationship with J. C. Moody demonstrates her inability to responsibly care for the children.

■ In custody disputes the welfare of the children is of primary and paramount importance. *Durrette* v. *Durrette,* 223 Va. 328, 331, 288 S.E.2d 432, 433 (1982). In determining the best interests of the children, a court must consider all the evidence and facts before it. *Brown* v. *Brown,* 218 Va. 196, 199, 237 S.E.2d 89, 91 (1977). The trial court's decision, when based upon an *ore tenus* hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it. *Carter* v. *Carter,* 223 Va. 505, 508-09, 291 S.E.2d 218, 220 (1982).

The evidence before the trial court was that Mrs. Venable was having an affair and that she and her paramour, J. C. Moody, were often together in the presence of the children. There was no evidence of improper conduct in the children's presence. Mr. Moody's ex-wife testified that he had a drinking problem and was physically abusive to her. On the other hand, Mr. Venable acknowledged that he also had committed adultery, that he had a violent temper, and that he had physically abused Mrs. Venable in the presence of the children over a period of many years. There was evidence that the children were afraid of their father because of the violence they had witnessed toward their mother.

In the final decree, the court stated that it had considered all of the factors enumerated in Code § 20-107.2(1) in determining that Mrs. Venable was the more fit and proper person to have custody of the minor children. The court attempted to restrict the children's contact with J. C. Moody until such time as he and Mrs. Venable might marry. The children have adjusted well to their new location and schools, and appear to be happy in Nashville with their mother.

We hold that the evidence in the record supports the court's determination of custody, and affirm.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Koontz, C.J., and Moon, J., concurred.