## CIRCUIT COURT OF HENRICO COUNTY

Robert L. Jenkins

v.

Shirley R. Jenkins

October 1, 1986

Case No. 84C245

By JUDGE JOSEPH F. SPINELLA

The divorce suit was filed March 9, 1984, by the husband against the wife on the grounds of cruelty and willful desertion. The defendant filed an answer and cross-bill in which she alleges that the plaintiff was guilty of cruelty and constructive desertion. The plaintiff filed an answer to the cross-bill. On April 25, 1984, Judge Baker entered an order awarding the defendant $275.00 as temporary spousal support and ordered the plaintiff to maintain hospitalization and car insurance policies in force. The plaintiff was ordered to pay $100.00 on account of attorney's fees.

On February 24, 1986, a decree of reference was entered referring the case to Brockenbrough Lamb, a Commissioner in Chancery for this court. Evidence was heard, briefs were submitted by each party and the Commissioner filed his report on July 10, 1986. The plaintiff filed exceptions to the Commissioner's report on July 17, 1986, and the defendant filed his exceptions to the Commissioners Report on July 24, 1986. On July 30, 1986, the plaintiff filed a motion to dismiss defendant's exceptions for being filed more than ten days after the report of the Commissioner was filed. A hearing on the exceptions was held on August 18, 1986, before the Court pursuant to notice. The Court heard argument of counsel and took the matter under advisement.

The Court will first rule upon the exceptions to the Commissioner's report, as filed by the plaintiff.

The only exception deals with one-half of the amount of $12,823.45 withdrawn from the bank by the wife. The Commissioner ruled that the wife owes the husband $6,411.72. The plaintiff complains in his exception that the Commissioner did not allow interest at 12% to the plaintiff from the time of its withdrawal, February 10, 1984, until paid. The Court rules that the plaintiff is entitled to the legal rate of interest of 6% per annum pursuant to Virginia Code § 6.1-330.9 from February 10, 1984, until the entry of a judgment, at which time the plaintiff would be entitled to judgment interest at 12% per annum. The interest can be calculated to the time the money is paid or allowed as credit against sums due by the plaintiff under the remainder of the Commissioner's findings. *See Craufurd v. Smith*, 93 Va. 623 (1896).

With regard to the exceptions filed by the defendant, the Court finds that the exceptions were filed beyond the ten days past the filing of the report. The Court at the hearing indicated to counsel that it would confirm the findings of the Commissioner with regard to the Exceptions to Inquiry 1, 2 and 4 and would take under consideration the exceptions to the findings of the Commissioner as to Inquiry No. 6.

The Court finds that the Commissioner reached his conclusion from a careful study of the evidence and the factors listed in § 20-107.3 of the Code of Virginia.

He awarded the home to the husband under the terms and conditions he outlined in his report, one of which was that the plaintiff pay the wife $40,000.00 for her interest in the home. In doing so, the Commissioner appears to have followed the requirement outlined in *Venable v. Venable*, 2 Va. App. 178, 2 V.L.R. 1668 (1986), and the Court sees no reason to disturb the finding of the Commissioner.

Accordingly, the court will confirm and adopt the report of the Commissioner with the exception that interest at 6% will be allowed upon the money withdrawn by the wife as indicated above and all other exceptions are overruled.

The Commissioner's fee of $1,750.00 is allowed, and each party shall pay one-half of the fee and each

party shall pay their respective attorney's fees and costs.

Counsel for plaintiff will prepare the divorce decree and present same to opposing counsel for endorsement.