## CIRCUIT COURT OF HENRICO COUNTY

John D. Rogers, Jr.

v.

Shirley A. Rogers

October 7, 1987

Case No. 85C562

By JUDGE JAMES E. KULP

A Bill of Complaint has been filed by Mr. Rogers seeking a divorce on the grounds of desertion. After reading the depositions, the Court advised counsel that the Court would not grant a divorce on fault grounds. Since then the plaintiff has filed a motion pursuant to § 20-121.02 of the Code of Virginia asking for a divorce on the grounds that the parties have lived separate and apart without any cohabitation and without interruption for one year.

The sole issue remaining for resolution is the question of custody and support of the infant child, John Thomas Rogers, born December 12, 1981. The Court heard evidence on this issue and now renders this opinion.

The evidence establishes that the defendant left the marital residence some two and a half years ago. She has lived in two locations since the separation, and since September, 1986, the defendant has been living with her boyfriend. Defendant has worked in the past as a waitress, but more recently has been working as lead teacher in a child care school. Her hours are from 8:30 o'clock a.m. to 5:00 o'clock p.m., Monday through Friday. The defendant is living in a house with two bedrooms, one of which has been fixed up for the child. During

the period of separation, the child has been visiting with the defendant every other weekend. The defendant testified that her difficulties with the plaintiff arose over plaintiff's consumption of alcohol. She further testified that she had never seen plaintiff abuse their son.

The evidence further establishes that the plaintiff has been employed by the City of Richmond for seven years. He lives in a townhouse with two bedrooms. The plaintiff has been caring for the child since the separation. He takes the child to school and picks him up at 5:00 o'clock p.m. After dinner, plaintiff reads to the child and goes over his school work. Plaintiff has attended several PTA meetings. Plaintiff takes his son fishing and plaintiff's mother is available to look after the child. Two boys close in age to the child live next door and provide the child with playmates. Several neighbors testified that plaintiff is a good father and, in their opinion, plaintiff has no problem with alcohol.

The central theme around which everything else must revolve is that the best interests of the child are paramount in all child custody cases. *Bailes v. Sours*, 231 Va. 96 (1986); *Patrick v. Byerley*, 228 Va. 691 (1985). To determine what is "best" for the child, the Court must engage in a comparative analysis. This process of analysis allows the Court to determine which parent is best qualified to provide the highest quality of care to the child. *Keel v. Keel*, 225 Va. 606 (1983). As the Supreme Court said in *McCreery v. McCreery*, 218 Va. 352, 355 (1977):

> Quality is determined not only in terms of the training, talents, and resources of the custodian, but also in terms of motivation of the custodian to make proper provision for *the physical needs of the child, its psychological and emotional health, its intellectual and cultural growth, and its moral development.* Although fully qualified in other respects, a person may be too ill-suited by temperament or too preoccupied with personal pursuits to administer proper care to a child. *Comparing the quality of care offered by two parents,*

*the courts are guided by histories of past performances and prospects for future performance.* (Emphasis is original).

In arriving at a decision concerning the best interests of the child, the Court must consider all the evidence and facts before it. *Venable v. Venable*, 2 Va. App. 178 (1986).

In the Court's opinion, both parents are fit and proper to have custody of the child. After considering all the evidence and the criteria set forth in § 20-107.2, the Court is of the opinion that it would be in the best interests of the child that custody be awarded to the father. This will allow the child to remain in the same environment with the same playmates which have existed for the past two and a half years. The Court believes it will benefit the child to remain in this stable environment where the father has played such a significant role in the child's life.