COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Willis and Elder
Argued at Richmond, Virginia


MURRAY L. STEINBERG

MEMORANDUM OPINION[*] BY
v.        Record No. 2315-95-2        JUDGE LARRY G. ELDER
JUNE 18, 1996
KATHERINE T. STEINBERG


FROM THE CIRCUIT COURT OF HENRICO COUNTY
L. A. Harris, Jr., Judge

Murray L. Steinburg, pro se.

No brief or argument for appellee.


Murray L. Steinberg (father) appeals the trial court's refusal to alter his daughter's visitation schedule to allow her to attend religious school on Sundays. Because the trial court did not take evidence on this issue before refusing to alter the visitation schedule, we reverse and remand its decision.

On September 6, 1995, father and his daughter, Chelsea R. Steinberg (daughter), filed a petition in the Circuit Court of Henrico County moving for a "revision and alteration" of father's visitation schedule with daughter. Father asserted multiple changes in circumstances and requested the court to order mother to transport daughter to Sunday religious school or to alter the visitation schedule to include Sundays with father.

On September 11, 1995, father and counsel for mother

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

appeared before the court in the related, yet separate, case of Katherine T. Steinberg v. Murray L. Steinberg. At the hearing, the court heard argument from the parties concerning the case of Katherine T. Steinberg v. Murray L. Steinberg and made certain rulings regarding civil and criminal bonds in that case. According to the statement of facts:

> Before adjourning, the [c]ourt acknowledged receipt of [father's] petition to revised [sic] and alter the visitation arrangements and said that if he wanted to proceed with that matter that he had better have a change of circumstances. To emphasise [sic] that point the [c]ourt asked [father] "do you understand?" Since the matter of a change in the visitation arrangement was not a matter before the [c]ourt, no further discussion was had, no evidence was presented and no statements were made by either party.

Court was then adjourned. One week later, the trial court issued an order recounting its rulings. The order stated, in part, that "[t]he Court, having considered statements offered by [father], on his Petition filed September 6, 1995, for revision and alteration of visitation, hereby denies said Petition."

On September 22, 1995, father filed a motion to correct and clarify the court's order, in which father said:

> The Order stated that [father's] petition to allow his daughter to attend religious school was denied. Defendant would like to verify this point since at the hearing of September 11, 1995 the [c]ourt simply warned [father] that he "had better have a change of circumstances." Nothing was said about denying the motion.

The trial court never responded to this motion. Father now appeals to this Court.

According to Code § 20-108, a trial court has the authority to "revise and alter such decree concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require." See Hughes v. Gentry, 18 Va. App. 318, 443 S.E.2d 448 (1994). In this case, father's petition listed a number of factors bearing upon circumstances that the trial court should have considered on the issue of whether to revise the visitation schedule.

A trial court's decision in deciding whether to alter or revise a visitation schedule, "when based upon an ore tenus hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it." Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986). In this case, no evidence supports the trial court's decision to deny father's petition because the trial court never received any evidence on the issue. The facts of this case reveal that the trial court acknowledged receipt of father's petition and stated that if father "wanted to proceed with that matter that he had better have a change in circumstances." The facts also reveal that "the matter of a change in the visitation arrangement was not a matter before the [c]ourt, no further discussion was had, no evidence was presented and no statements were made by either

party."  Because the trial court never afforded father the opportunity to present evidence on this issue, the trial court abused its discretion.  See Venable, 2 Va. App. at 181–82, 342 S.E.2d at 648.

We therefore reverse the trial court's decision and remand the case instructing the trial court to hear evidence on the visitation issue.

Reversed and remanded.