COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Benton and Coleman
Argued at Salem, Virginia


WILLIAM A. KING and
 MARGARET KING
                                        MEMORANDUM OPINION[*] BY
v.   Record No. 2452-96-3               JUDGE SAM W. COLEMAN III
                                             OCTOBER 7, 1997
ALICE MICHELLE KING


              FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                    J. Samuel Johnston, Jr., Judge

         George W. Nolley for appellants.

         (Bryan K. Selz; Overbey, Hawkins & Selz, on
         brief), for appellee.


     Appellants, William A. and Margaret King, appeal from the

trial court's decree awarding custody of their three-year-old

grandson to his natural mother, Alice Michelle King.  They

contend that the trial court erred by awarding custody of the

child to the mother without prohibiting that the child have

contact with Kenneth Gardner, the mother's romantic friend and

the killer of the child's natural father.  We hold that the trial

court did not err in awarding custody of the child to the mother

and did not abuse its discretion by refusing to impose a

restriction upon the mother's permitting contact with Gardner.

Accordingly, we affirm the trial court's custody award.

     "In all child custody cases, including those between a

parent and a non-parent, 'the best interests of the child are

_____
         [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

paramount and form the lodestar for the guidance of the court in determining the dispute.'" Bottoms v. Bottoms, 249 Va. 410, 413, 457 S.E.2d 102, 104 (1995) (quoting Bailes v. Sours, 231 Va. 96, 99, 340 S.E.2d 824, 826 (1986)). In a custody dispute between a parent and a non-parent, "the law presumes that the child's best interests will be served when in the custody of the parent." Bottoms, 249 Va. at 413, 457 S.E.2d at 104 (quoting Judd v. Van Horn, 195 Va. 988, 996, 81 S.E.2d 432, 436 (1954)). Although the presumption favoring a parent is strong, a non-parent may overcome the presumption by adducing clear and convincing evidence of special facts and circumstances that constitute an extraordinary reason to take the child from its parent, or parents. Bailes, 231 Va. at 100, 340 S.E.2d at 826; Mason v. Moon, 9 Va. App. 217, 220, 385 S.E.2d 242, 243 (1989).

First, the appellants urge that in cases such as this, instead of applying the parental presumption, this Court adopt a per se rule prohibiting contact, as a matter of law, between a child and the killer of the child's natural parent. We decline to embrace such a rigid principle. A per se rule would vitiate a trial court's ability to weigh the myriad of circumstances that must be considered in determining the best interests of a particular child whose well-being lies before it. See Bottoms, 249 Va. at 419, 457 S.E.2d at 108; Doe v. Doe, 222 Va. 736, 748, 284 S.E.2d 799, 806 (1981) (rejecting per se rule of parental unfitness of homosexual parent and finding homosexual conduct

2

another important consideration in determining custody); see also Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986) ("In determining the best interests of the child, a court must consider all the evidence and facts before it.") (emphasis added). Accordingly, we reject the appellants' invitation to adopt a per se rule that prohibits a child having contact, visitation or custody with the killer of the child's parent. We leave such determination to the trial court's sound discretion.

Appellants next contend that the trial court abused its discretion by granting custody of the child to his mother, whose romantic friend, Kenneth Gardner, killed the child's natural father. Specifically, they assert that the trial court's order constitutes reversible error because under the circumstances here any contact between the child and Gardner cannot be in the child's best interests.

The trial court is vested with broad discretion in making the decisions that are necessary to promote the child's best interests. Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990). A trial court's determination of matters within its discretion is reversible on appeal only where the trial court has abused that discretion. Id. (citing M.E.D. v. J.P.M., 3 Va. App. 391, 398, 350 S.E.2d 215, 220 (1986)). Moreover, when the trial court hears evidence ore tenus, its findings are entitled to the weight accorded to a jury verdict and such findings should not be disturbed on appeal unless plainly wrong or unsupported by

the evidence. <u>Bottoms</u>, 249 Va. at 414, 457 S.E.2d at 104-05; <u>Bailes</u>, 231 Va. at 100, 340 S.E.2d at 827.

In this case, the trial court heard evidence <u>ore</u> <u>tenus</u> from the parties. The appellants' evidence consisted of their testimony detailing their feelings about allowing their grandchild to be in the company of the person who killed their son, the child's father. The mother presented testimony from a clinical psychologist who opined that the child would benefit from a caring stepfather or father figure, whether Gardner or someone else.

The law presumes that the child's best interests are served by awarding custody to his mother, Michelle King. <u>See</u> <u>Bottoms</u>, 249 Va. at 413, 457 S.E.2d at 104. The appellants did not prove by clear and convincing evidence that contact between the child and Gardner, in and of itself, constitutes an "extraordinary reason" to deny the mother custody of her son. <u>See</u> <u>Mason</u>, 9 Va. App. at 221-22, 385 S.E.2d at 244 (holding that non-parents' showing of possible adverse effects from contact between child and killer of child's natural parent were insufficient to rebut presumption favoring custody to parent). The evidence fails to prove that contact between the child and Gardner would be detrimental to the child. In fact, the psychologist's testimony was to the effect that contact with Gardner would benefit the child. Accordingly, we cannot say that the trial court's order was an abuse of discretion or unsupported by the evidence.

For the foregoing reasons, we affirm the decree of the circuit court.

<u>Affirmed.</u>