COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


REBECCA BRADDOCK
                                          MEMORANDUM OPINION[*]
v.   Record No. 2293-96-4                     PER CURIAM
                                          NOVEMBER 18, 1997
FAIRFAX COUNTY DEPARTMENT
 OF FAMILY SERVICES


                                   FROM THE CIRCUIT COURT OF
FAIRFAX COUNTY
                    Leslie M. Alden, Judge

          (Herman M. Sawyer, Jr., on brief), for
          appellant.

          (David P. Bobzien, County Attorney; Dennis R.
          Bates, Senior Assistant County Attorney;
          Louise M. DiMatteo, Assistant County
          Attorney, on brief), for appellee.

          (Marlene M. Hahn; Sandra L. Havrilak; Hicks &
          Havrilack, on brief), Guardian ad litem of
          the subject child, an infant.


     Rebecca Braddock appeals the decision of the circuit court

terminating her residual parental rights to her youngest child.

Braddock contends that the trial court erred by (1) finding that

the Fairfax County Department of Family Services (Department)

presented clear and convincing evidence meeting the statutory

requirement for terminating her parental rights; and (2) denying

Braddock's request for a continuance.  Upon reviewing the record

and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

the trial court.  See Rule 5A:27.

"[T]he termination of residual parental rights is a grave, drastic and irreversible action."  Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991).  "When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests."  Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

> "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests," and the trial court's judgment, "when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it."

Id. (citations omitted).  On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests."  Id.  We view the evidence in the light most favorable to the Department as the party prevailing below and its evidence is afforded all reasonable inferences fairly deducible therefrom.

I.

The Department became involved with Braddock and her family in 1985 when the Department found that Braddock provided inadequate supervision of the two older children.  Subsequently, the Department addressed issues of the home's physical condition

2

and the children's care and supervision. In April 1993, the Department removed the youngest child, then three years old, from the home because the home was dirty to the point of being unsafe and because the Department continued to be concerned with Braddock's supervision of the children. The child was returned to Braddock's physical custody two months later, but removed again in March 1994. In September 1994, the parties stipulated that the child was neglected.

In June 1995, the Department filed its petition seeking to terminate Braddock's parental rights to her youngest child. In June 1996, the juvenile and domestic relations district court denied the petition, and ordered that the child be returned to Braddock upon completion of certain specified steps. However, the district court suspended its order upon evidence that the child's teenaged brother was charged with criminal sexual abuse of the child. The brother subsequently entered an <u>Alford</u> plea to the criminal charges of aggravated sexual battery and assault. The Department noticed its appeal of the district court's denial of its petition to the Circuit Court of Fairfax County on July 3, 1996.

The Department sought to terminate Braddock's parental rights pursuant to Code § 16.1-283(B)(1) and (2). The statute required that the Department prove, by clear and convincing evidence that termination was in the child's best interests and that
> (1) The neglect or abuse suffered by such

> child presented a serious and substantial threat to his life, health or development; and
> (2) It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent . . . within a reasonable period of time.

Id. The circuit court found that the Department established by clear and convincing evidence that it was in the best interests of the child to terminate Braddock's parental rights.

The evidence presented by the Department established that the child was originally removed from the home due to unhealthy living conditions and inadequate supervision. Braddock took steps to improve the physical conditions in the home and the Department noted that Braddock had substantially satisfied that requirement.

However, during the course of the Department's involvement with the family, it became clear that Braddock's teenaged son had sexually abused the child. The son's psychological profile, based on testing done in 1994, noted that he was "at risk for sexually inappropriate behavior, particularly with younger children." Questions concerning possible sexual abuse of the child were raised at least as early as 1994, when the child refused to draw her brother as part of the family, then drew him on a separate sheet of paper, without clothes, and remarked that she had seen him without clothes. Subsequently, the child reported numerous instances of this abuse, which were

4

corroborated by a physical examination. Braddock was present during the June 1996 juvenile court hearing when the police detective investigating the child abuse allegations testified that the son admitted inserting his fingers into the child's vagina on several occasions.

Braddock testified before the circuit court that she believed the foster mother prompted the child to allege sexual abuse to keep from losing the child. As recently as two weeks before the trial, Braddock opined that the outstanding issue was a messy house. Dr. M. Kathryne Jacobs, a clinical psychologist specializing in young children and families, observed Braddock's interaction with the child at that time. Dr. Jacobs testified that Braddock's reaction to the child's disclosure illustrated that Braddock had a character disorder that left her unable to handle the information concerning her son's abuse of her daughter. Because Braddock was emotionally unable to process such stressful information, she was unable to take the steps necessary to adequately protect the child. Dr. Jacobs noted that Braddock demonstrated little emotion in connection with her own childhood sexual abuse by a family member.

Contrary to Braddock's argument on appeal, her son's abusive behavior was not imputed to her. Rather, it was Braddock's demonstrated inability or reluctance to accept her own role in improving the family's condition and in protecting her youngest child from future abuse which caused the trial court to terminate

5

her parental rights. Dr. Jacobs opined that Braddock could not cope with the difficulties of the situation. Despite being cautioned by the Department regarding the possibility of sexual abuse by her son, Braddock did not prevent him from babysitting young children in her neighborhood.

Braddock either refused or was unable to address the significant issues of her inadequate supervision and the psychological and emotional needs of her family resulting from the sexual abuse of her youngest child. Despite counseling and substantial services provided by the Department with the goal of addressing these specific issues, these underlying circumstances were not substantially corrected or eliminated so as to allow the child's safe return.

Dr. Marie Majarov, the child's counselor, testified that the child was dealing with issues related to the sexual abuse. The child expressed anger, a lack of self-esteem, and a sense of being damaged. Dr. Majarov indicated that the child did not feel trusted and safe with Braddock because Braddock failed to believe the child's report of abuse. Continued contact with Braddock caused the child emotional stress as the child dealt with issues of loyalty. The child repeatedly indicated that she felt safe in her current foster home and expressed the desire to stay there until she grew up.

The trial court found that the Department proved by clear and convincing evidence that the child's best interests would be

served by terminating Braddock's parental rights.  This finding was not plainly wrong or without evidence to support it.

"The decision whether to grant a continuance is a matter within the sound discretion of the trial court.  Abuse of discretion and prejudice to the complaining party are essential to reversal."  Venable v. Venable, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986).  The Department appealed the juvenile and domestic relations district court order returning the child to Braddock on July 3, 1996.  Braddock sought to continue the trial "until the criminal proceedings against [her son] are concluded."  Her son was found guilty of aggravated sexual abuse and assault on August 23, 1996.  On August 30, 1996, the trial court denied Braddock's motion on the ground that "§ 16.1-296 of the Virginia Code requires a merits hearing on the termination petition must be heard within 90 days of perfecting the appeal."

While Braddock contended that the trial court abused its discretion by denying her motion to continue the trial, she failed to allege how the continuance prejudiced her.  On these facts, we find no error in the trial court's denial of Braddock's motion to continue.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.