COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick,[*] Judge Elder and
          Senior Judge Duff
Argued at Alexandria, Virginia


SUSAN DESKIN

                                    MEMORANDUM OPINION[**] BY
v.    Record No. 0623-97-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       NOVEMBER 25, 1997
CLARKE COUNTY DEPARTMENT OF
 SOCIAL SERVICES AND
 DANIEL R. DESKIN


            FROM THE CIRCUIT COURT OF CLARKE COUNTY
                    James L. Berry, Judge

        Gregory W. Bowman (Chasler & Bowman, P.L.C.,
        on brief), for appellant.

        Russell A. Fowler (Fowler, Griffin, Coyne &
        Coyne, P.C., on brief), for Clarke County
        Department of Social Services.

        John Michael Hobert (Hobert & Kerr, P.C., on
        brief), Guardian ad litem for the subject
        child, an infant.

        No brief or argument for Daniel R. Deskin.


        The sole issue raised by Susan Deskin (appellant) is whether

the evidence was sufficient to support the trial court's

determination that her eight-month-old child was neglected while

in her care and custody.  Finding no error, we affirm.

        On appeal, we must view the evidence and all reasonable

inferences therefrom in the light most favorable to the

prevailing party below, Clarke County Department of Social

        [*]On November 19, 1997, Judge Fitzpatrick succeeded Judge
Moon as chief judge.

        [**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Services (DSS).  When the record contains credible evidence in support of the findings made by the trial court, the appellate court may not retry the facts or substitute its view of the facts for those of the trial court.  Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992).  "The trial court's decision, when based upon an ore tenus hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it."  Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986).

Viewed in this fashion, the evidence established that on August 14, 1995, appellant's eight-month-old child was removed from her home by Child Protective Services after police responded to a domestic dispute.  The child showed no signs of physical abuse at that time.[1]  Appellant was found to be in an agitated state with track marks on her arms and dilated pupils.  A search of the home revealed fresh needles and syringes in the trash.  While initially denying any drug usage, she later admitted to using heroin.  This was confirmed by a drug test administered

---

[1]"Abused or neglected child" means any child:

> 1.  Whose parents or other person responsible for his care creates or inflicts, threatens to create or inflict, or allows to be created or inflicted upon such child a physical or mental injury by other than accidental means, or creates a substantial risk of death, disfigurement or impairment of bodily or mental functions.

Code § 16.1-228 (emphasis added).  See also Code § 63.1-248.2.

2

later that day.  Appellant, who has been diagnosed as "opinoid dependent, sedative dependant, alcohol abusive and cocaine dependent" has a twenty-year history of drug abuse and criminal activity.  She has participated in several treatment programs, but has relapsed after completion each time.  On January 23, 1996, she was sentenced to confinement for twenty-three years with all time suspended except two years.  She was due to be released on July 31, 1997.

> After the ore tenus hearing the trial judge found that:
> Based upon the evidence presented, including the ore tenus testimony of the representatives of the Department of Social Services of Clarke County, Virginia, Officer Chambers of the Berryville Police Department and one John Harris, and based upon the natural mother's history of convictions for illegal drug use, statutory burglary, grand larceny, unauthorized use of a motor vehicle and numerous instances of forgery and uttering checks, and based upon the natural mother's history of drug addiction and based upon the natural mother's resulting physical incarceration, rendering her completely unable at this time to care for the minor child, the Court does find that the minor child was neglected while in the care and custody of the natural mother.  The Court specifically notes that the abuse and/or neglect of the minor child is passive rather than active abuse or neglect.  However, the child was neglected and endangered by the natural mother's chronic substance abuse which from time to time has rendered her unable to care for the minor child.

Custody of the child was continued with DSS while appellant was incarcerated.

Appellant contends that because there was no visible

3

evidence of active abuse and the trial court found "passive" abuse, that the requirements of Code § 16.1-228 were unmet. This position is without merit. "[T]he statutory definitions of an abused or neglected child do not require proof of actual harm or impairment having been experienced by the child. The term 'substantial risk' speaks in futuro." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1183, 409 S.E.2d 16, 19 (1991). "The Commonwealth's policy is to protect abused children and to prevent further abuse of those children. This policy would be meaningless if the child must suffer an actual injury from the behavior of his or her parent . . . . [T]he statute [does not] impose such trauma upon a child." Jackson v. W., 14 Va. App. 391, 402, 419 S.E.2d 385, 391 (1992).

The fact that the child suffered no injury while her parent was under the influence of self-induced drugs is not a mitigating circumstance. Rather, it attests to the parties' good fortune. The evidence clearly supports the trial court's finding of neglect and the temporary placement with DSS.[2]

For the foregoing reasons, we affirm.

Affirmed.

---

[2]Appellant also contends that her incarceration alone may not be determinative of a finding of neglect. Cain v. Commonwealth, 12 Va. App. 42, 402 S.E.2d 682 (1991). The trial court did not base its finding of neglect solely on appellant's later unavailability, but rather considered it as one aspect of her neglect.

4