# CIRCUIT COURT OF NORTHUMBERLAND COUNTY

Division of
Child Support Enforcement

    v.

Christopher Walker

February 4, 1999

BY JUDGE JOSEPH E. SPRUILL, JR.

The question presented by these cases is whether a prisoner has a right to be transported to a civil trial at which his child support obligations are to be determined.

The Division of Child Support Enforcement filed petitions in the Northumberland and Lancaster Juvenile and Domestic Relations District Courts against Christopher Walker for support of two children of whom he is the putative father. Mr. Walker is a prisoner with an anticipated release date of 2044.

In his absence, the District Court consolidated the hearings and found Mr. Walker to be the father of two children and ordered support of $65.00 monthly. He was represented before the District Court, and in this Court, by his duly appointed guardian *ad litem*. He appeals the action of the District Courts.

Mr. Walker was not present at the hearing because he is regarded by the sheriffs' departments of both Northumberland and Lancaster counties as dangerous and a serious security risk. There was reluctance to remove him from the facility where he is presented incarcerated.

Walker claims, through his guardian *ad litem*, that he has a constitutional due process right to be present in court whenever he has a property interest in the litigation. He cites *Harris v. Beal*, 189 Va. 675 (1949), which holds: "No judicial proceeding can deprive a man of his property without giving him an opportunity to be heard in accordance with the provisions of the law and if a

judgment is rendered against him without such opportunity to be heard, it is absolutely void." Walker also relies on *Venable v. Venable*, 2 Va. App. 178 (1986), which states, "when a trial court in the exercise of its discretion holds an *ore tenus* hearing and one of the parties requests an opportunity to be present, to be heard, and to cross-examine adversary witnesses, the process requires that the court afford the litigant that opportunity."

Neither of these cases involves prisoners. Mr. Walker is incarcerated because of his own voluntary actions. Although prisoners do not shed all constitutional rights, along with their lawful incarceration comes "the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266 (1948). Walker's interests must be balanced against the state's interest in maintaining his confinement and the rights of his children to support.

A prisoner has no absolute right to be transported to and from court to conduct civil litigation. The balancing of interests here would seem to require that the Court weigh several factors in determining whether to order his appearance: the security risk, inconvenience and cost, whether the prisoner's claims are substantial, and whether there are other means to assure that he is heard.

The security risk, cost, and inconvenience are indeed substantial. The sheriff has reported, according to counsel, that at least seven deputies and two police cars would be required to secure Mr. Walker's presence. As to the substantiality and the merits of this litigation, Mr. Walker has, according to his counsel, challenged the fact that these are his children. However, he has admitted in writing to being the father of one, and for the other, a blood test has established a 99.98% probability of paternity. The child support obligation ordered by the district judge is the minimum guideline amount.

His guardian *ad litem* is a skilled, experienced, and resourceful courtroom advocate. We believe Mr. Walker's interests have been and will be fully protected in his hands.

Under all of the circumstances, the Court will proceed to hear this appeal without Mr. Walker's physical presence in the courtroom. We deny the request that he be transported to trial.