COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


JOY MAY

                                    MEMORANDUM OPINION[*]
v.    Record No. 0461-00-1              PER CURIAM
                                    DECEMBER 28, 2000
VIRGINIA BEACH DEPARTMENT
 OF SOCIAL SERVICES


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                  H. Thomas Padrick, Jr., Judge

            (Harry Dennis Harmon, Jr., on brief), for
            appellant.

            (Leslie L. Lilley, City Attorney; Karla C.
            Haynes, Assistant City Attorney, on brief),
            for appellee.


     Joy May ("May") appeals from the decision of the circuit

court terminating her residual parental rights to her son, Jaimie

May ("Jaimie").  On appeal, May contends that the trial court

erred in denying (1) her initial motion for a continuance, (2) her

motion to strike for failure to prove by clear and convincing

evidence that the Virginia Beach Department of Social Services

("DSS") took all reasonable and appropriate efforts to remedy the

situation leading to Jaimie's foster care, and (3) her motion to

continue the case for further services.  Upon reviewing the record

and briefs of the parties, we conclude that this appeal is without

_____

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Procedural Background

In February, 1998, DSS removed Jaimie from May's home based on allegations of abuse.  The Virginia Beach Juvenile and Domestic Relations District Court terminated May's parental rights at a hearing in July, 1999.  May appealed the district court's decision to the Circuit Court of the City of Virginia Beach.  At a trial in June, 2000, that court entered an order terminating May's parental rights.  May appeals from that order.

## Analysis

### I.

May contends that the circuit court erred in denying her motion to continue the case.  She asserts that she was unable to contact her attorney because she was homeless for several months and then incarcerated for the several weeks immediately prior to the circuit court trial.  Because she was unable to contact her attorney, she was unable to properly prepare for the trial.  However, at trial, May stated that she lived in the same apartment from June 1999 through December 1999 and then moved to a new apartment for one month prior to being incarcerated.  Her attorney

-

made numerous attempts to track her down, all to no avail. He located her in the local jail just before trial. The trial court found that May had ample opportunity to contact her attorney during the months preceding the trial and that she could have taken greater steps to prepare for it. May provided no explanation for why she did not maintain contact with her attorney. "The decision whether to grant a continuance is a matter within the sound discretion of the trial court. Abuse of discretion and prejudice to the complaining party are essential to reversal." Venable v. Venable, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986). We find no abuse of discretion in the trial court's determination.

## II. - III.

May contends that the trial court erred in denying her motion to strike because DSS failed to prove by clear and convincing evidence that it had taken all reasonable and appropriate efforts to remedy the situation that led to Jaimie's foster care. May also asserts that the trial court erred by denying her motion for a continuance in order to allow for further services.

May's parental rights were terminated pursuant to Code § 16.1-283(C), which provides in pertinent part:

> The residual parental rights of a parent or parents of a child placed in foster care as a result of court commitment, an entrustment agreement entered into by the parent or parents or other voluntary relinquishment by

-

the parent or parents may be terminated if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that:

* * * * * * *

2. The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end. Proof that the parent or parents, without good cause, have failed or been unable to make substantial progress towards elimination of the conditions which led to or required continuation of the child's foster care placement in accordance with their obligations under and within the time limits or goals set forth in a foster care plan filed with the court or any other plan jointly designed and agreed to by the parent or parents and a public or private social, medical, mental health or other rehabilitative agency shall constitute prima facie evidence of this condition. The court shall take into consideration the prior efforts of such agencies to rehabilitate the parent or parents prior to the placement of the child in foster care.

DSS provided reasonable and appropriate social, medical, mental health and other rehabilitative services to May. Ruthann Beil, a DSS employee, testified that DSS provided May access to free parenting classes, arranged for supervised visitation with her son, provided counseling if requested, and offered to provide transportation to the visits and therapy sessions. May

-

visited her son only twice between April, 1998 and July, 1999. The record discloses that there were ample services offered and available to May, but she chose not to take advantage of them. "The law does not require the division to force its services upon an unwilling or disinterested parent." Barkey v. Commonwealth, 2 Va. App. 662, 670, 347 S.E.2d 188, 192 (1986). The trial court did not err in denying May's motion to strike.

The trial court determined that DSS provided reasonable and appropriate rehabilitative services but that May had been unwilling or unable to substantially remedy the situation leading to her son's foster care. Because DSS had already made available to May a reasonable amount of services, we find no abuse of discretion in the trial court's denial of May's motion to continue the case for further services.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

-