# CIRCUIT COURT OF THE CITY OF ROANOKE

Jerry Grant Roberts, Jr.

v.

Yvette Lee Roberts

February 12, 2013

Case No. CL12-2053

By Judge Clifford R. Weckstein

A divorce decree cannot be entered based upon the depositions taken in this case, because "those facts necessary to the judgment" have not been corroborated. *Martin v. Martin*, 166 Va. 109, 116, 184 S.E. 220, 223 (1936); *see Graham v. Graham*, 210 Va. 608, 610, 172 S.E.2d 724, 726 (1970); *Venable v. Venable*, 2 Va. App. 178, 183, 342 S.E.2d 646, 649 (1986).

Under Virginia Code § 20-99:

> 1. No divorce, annulment, or affirmation of a marriage shall be granted on the uncorroborated testimony of the parties or either of them.
> 2. Whether the defendant answers or not, the cause shall be heard independently of the admissions of either party in the pleadings or otherwise.

In this case, the evidence consists of the testimony of the plaintiff and of Timothy Scott Persinger. Mr. Persinger's testimony is based squarely, and apparently exclusively, upon statements made to him by the plaintiff, Mr. Roberts. He testified that he did not know the defendant. Whenever asked how he knew something about which he testified, he replied, "Mr. Roberts told me."

"A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." VRE 2:602.[1] Statements made by a party are, for § 20-99(2)

---

1. VRE Rule 2:601(a) provides that "[e]very person is competent to be a witness except as otherwise provided in other evidentiary principles, Rules of Court, Virginia statutes, or common law." "[T]he rule requiring that a witness who testifies to a fact which can be perceived by the senses must have had an opportunity to observe, and must

purposes, admissions; they do not lose that character when repeated by another witness.

New evidence must be presented, either through depositions or at an *ore tenus* hearing (after giving legally-sufficient notice) from one or more nonparty witnesses who have personal knowledge, *i.e.*, have perceived something by the senses, rather than learned it from another, of the material facts of this case.

When this evidence is taken, it must be assured that the corroborating witness is asked whether any children were born to the parties. The witness was not asked about that in the first set of depositions.

---

have actually observed the fact is a 'most pervasive manifestation' of the common law insistence upon 'the most reliable sources of information.' *McCormick* § 10, p. 19." F. R. Evid. R. 602 (advisory committee note).