COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Elder
Argued at Richmond, Virginia


VICKIE STONEMAN

                                      MEMORANDUM OPINION* BY
v.    Record No. 0735-98-2           JUDGE JAMES W. BENTON, JR.
                                           APRIL 27, 1999
GREG STONEMAN


              FROM THE CIRCUIT COURT OF HANOVER COUNTY
                      Richard H.C. Taylor, Judge

           Deanna D. Cook (Bremner, Janus & Cook, on
           brief), for appellant.

           Carl J. Witmeyer, II (Chalkley & Whitmeyer,
           L.L.P., on brief), for appellee.


     This appeal arises from the trial judge's order granting Greg

Stoneman joint legal custody of three children born during his

previous marriage.  Vickie Stoneman, the children's mother,

contends the trial judge erred in granting the motion because the

circumstances had not materially changed and joint legal custody

was not in the best interests of the children.  She also contends

that the trial judge erred in ordering the continuing service of a

guardian ad litem.  For the reasons that follow, we affirm the

order.

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Greg and Vickie Stoneman were divorced by a final decree entered in the Circuit Court of Henrico County in 1994. The decree awarded the mother sole legal custody of the children and remanded other custody related issues to the juvenile and domestic relations district court. Although the initial proceedings arose in Henrico County, at some juncture the matter was apparently referred to the courts in Hanover County, where, in 1996, the father filed a petition in the juvenile and domestic relations court. At the request of the parties, a judge of the Hanover County juvenile court entered a consent order continuing the mother's sole custody of the children and allocating specific visitation rights to the father. The consent order also directed a guardian ad litem to continue representing the interests of the children and to assist the parties in "promot[ing] a more unified living arrangement for the children when they are with each party."

Six months after entry of the consent order, the father petitioned the juvenile court to order the parties to undergo psychiatric evaluations and alleged in the petition that the mother "has demonstrated unusual behavior." The guardian ad litem filed a report supporting the evaluations. Over the mother's objection, the judge ordered psychiatric evaluations and took under advisement the father's motion to change custody. After a psychologist met with the parties and filed his "Psychological

-

Evaluation" reports, the judge denied the father's motion for a change in custody.

The father appealed the decision to the circuit court. Following an evidentiary hearing, the trial judge awarded the parties joint legal custody of the children and ordered the continued services of the guardian ad litem. The mother appeals that order.

II.

After entry of a divorce decree containing child custody provisions, a judge may "revise and alter such decree concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require." Code § 20-108. The standard is well established for decisions concerning change in custody.

> A trial [judge], in determining whether a change of custody should be made, must apply a two-pronged test: (1) whether there has been a [material] change in circumstances since the most recent custody award; and (2) whether a change in custody would be in the best interests of the child. Whether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence.

Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986) (citation omitted).

The record in this case clearly establishes the existence of a material change in circumstances. The guardian ad litem

-

filed a four page report supporting the father's motion for evaluations. That report detailed the difficulties that the parties had experienced in conducting themselves in accord with the 1996 custody order. In the portion of the report styled "Recommendation," the guardian ad litem provided a substantial basis to support the trial judge's finding that a change in material circumstances occurred after entry of the consent order. Furthermore, the psychological evaluations that were performed and filed as evidence, and the testimony of the parties, provided a basis upon which the trial judge could have found that the parties were unable to comply with the mandates of the consent order. Thus, credible evidence in the record supports the finding of changed circumstances.

### III.

"In matters of custody, . . . the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990). "In determining the best interests of the children, a court must consider all the evidence and facts before it." Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986). Furthermore, the principle is well established that "the trial [judge's] decision, when based upon an ore tenus hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it." Id.

-

At the evidentiary hearing, the trial judge heard testimony concerning the nature of the parties' relationship with each other and the effect of their relationship upon the decision making process concerning their children. The trial judge also considered the psychological evaluations that had been prepared as a result of the juvenile court judge's order, the report of the guardian ad litem, and the oral recommendation of the guardian ad litem. The guardian ad litem, who had sought to assist the parties pursuant to the consent order, stated that "joint legal custody would help in this case." Furthermore, the evidence proved that both parties are fit custodians for the children.

The psychological evaluations, the guardian ad litem's report, and the parties' testimony provide credible evidence to support the trial judge's finding that the existing arrangement was not satisfactory and did not provide the best environment for the development of the children. The trial judge concluded that the children's best interests would be served by a custody arrangement in which the father was apprised of child rearing decisions and was able to have input prior to the implementation of the decisions. "[J]oint legal custody [is a status] where both parents retain joint responsibility for the care and control of the child and joint authority to make decisions concerning the child even though the child's primary residence may be with only one parent." Code § 20-124.1.

-

Upon this record, we conclude that the evidence supports the finding that the change to joint legal custody would be in the best interests of the children and would encourage the parents to better share in the responsibilities of rearing their children.

IV.

The trial judge did not abuse his discretion in ordering the guardian ad litem "to continue to monitor compliance with . . . [the joint legal custody] Order."  In the October 28, 1996 consent order, the parties requested the appointment of the guardian ad litem to represent the interests of the children and to facilitate the parties in reaching "a more unified living arrangement for the children when they are with each party." Cf. Code § 16.1-266(D) (authorizing the judge of the juvenile court to exercise discretion to appoint a guardian ad litem). Based upon the guardian ad litem's role as initially agreed upon by the parties, we cannot say that the trial judge abused his discretion in finding that the continued presence of the guardian ad litem was in the children's best interests and consistent with the parties' intention as represented in the consent order.

Accordingly, we affirm the order.

Affirmed.

-